JONES DAY
Nicholas J. Rawls, Bar No. 349996
nrawls@jonesday.com
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071.2452
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

Attorney for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

(caption continued on next page)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BRIAN BOHAN,

Plaintiff,

v.

CITIBANK, N.A.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION, LLC,

Defendants.

Case No. 3:25-cv-01571-DMS-BLM

Hon. District Judge Dana M. Sabraw

**MEMORANDUM OF POINTS AND AUTHORITIES I SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF BRIAN BOHAN'S COMPLAINT**

Complaint filed: June 16, 2025
Hearing: October 24, 2025, at 1:30

NOKES & QUINN
Thomas P. Quinn, Jr., Bar No. 132268
410 Broadway, Suite 200
Laguna Beach, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

Attorney for Defendant
EQUIFAX INFORMATION SERVICES LLC

QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER P.C.
Jason S. Roberts, Bar No. 221978
jason.roberts@qslwm.com
10333 N. Meridian St., Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 613
Fax: (317) 899-9348

Attorney for Defendant
TRANS UNION LLC

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1
II. FACTUAL BACKGROUND .......... 1
III. LEGAL STANDARD .......... 2
IV. ARGUMENT .......... 3
A. Plaintiff's Claims Must Be Dismissed Because He Cannot Allege The CRA Defendants' Reporting Was Inaccurate .......... 5
B. Plaintiff's Claims Should Be Dismissed Without Leave to Amend .......... 11
V. CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Andrews v. Equifax Info. Servs. LLC*,
700 F. Supp. 2d 1276 (W.D. Wash. 2010) .......... 4

*Arniella v. Trans Union, LLC*,
No. 21-CV-23694-DLG,
2022 WL 2349016 (S.D. Fla. June 2, 2022) .......... 9, 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 1, 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 3

*Bonin v. Calderon*,
59 F.3d 815 (9th Cir. 1995) .......... 11

*Braun v. Trans Union LLC*,
No. CV 19-06098-CJC(SKX), 2019 WL 13083348 (C.D. Cal. Oct. 10, 2019) .......... 7, 8, 11

*Carvalho v. Equifax Info. Servs*, LLC,
629 F.3d 876 (9th Cir. 2010) .......... *passim*

*Cook, Perkiss & Liehe v. N. California Collection Serv.*,
911 F.2d 242 (9th Cir. 1990) .......... 3

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) .......... 3

*Galea v. Wells Fargo Bank, N.A.*,
388 F. Supp. 3d 1212 (E.D. Cal. 2019) .......... 4

*Gorman v. Wolpoff & Abramson, LLP*,
584 F.3d 1147 (9th Cir. 2009) .......... 3, 4, 9

*Grigoryan v. Experian Info. Sols., Inc.*,
84 F. Supp. 3d 1044 (C.D. Cal. 2014) .......... 4

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988) .......... 3

*Missouri ex rel. Koster v. Harris*,
847 F.3d 646 (9th Cir. 2017) .......... 3, 11

*Olson v. Six Rivers Nat'l Bank*,
111 Cal. App. 4th 1 (2003) .......... 4

*Regalado v. Experian Info. Sols., Inc.*,
No. 2:22-cv-1309-RFB-NJK, 2023 WL 6393222
(D. Nev. Sept. 30, 2023) .......... 10

*Scroggins v. Equifax Info. Sols. LLC, et al.*,
No. CV-18-04776-PHX-SPL, 2019 WL 3037588
(D. Ariz. July 11, 2019) .......... 3

*Shaw v. Experian Info. Sols., Inc.*,
891 F.3d 749 (9th Cir. 2018) .......... 4, 6

*Tuttobene v. Trans Union, LLC*,
No. 2:19-CV-01999-APG-NJK, 2021 WL 2188232
(D. Nev. May 28, 2021) .......... 8, 9, 10, 11

**STATUTES**

15 U.S.C. § 1681e .......... 3, 8

15 U.S.C. § 1681i .......... 3, 4, 5

Cal. Civ. Code § 1785 .......... *passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Although he does not dispute that payments to his credit card were made late, Plaintiff Brian Bohan ("Plaintiff") seeks to bring a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*; and California's Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code section 1785.1, *et seq.* against credit reporting agency ("CRA") Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and Trans Union LLC ("Trans Union") (together, the "CRA Defendants"). Plaintiff contends he is not responsible for the late payments because Citibank mishandled the autopay process. (Compl. ¶¶ 1, 23, Dkt. No. 1.) In other words, the central issue in this case is not whether the payments were late, as the CRA Defendants reported, but whether it is Plaintiff or Citibank who is legally responsible.

The Ninth Circuit and courts around the country have been clear that to sustain a claim under either the FCRA or CCRAA, a plaintiff "must make a prima facie showing of *inaccurate* reporting." *Carvalho v. Equifax Info. Servs*, LLC, 629 F.3d 876, 890 (9th Cir. 2010) (citation modified). Because all parties agree that the "disputed" late payments were, in fact, late, Plaintiff's claims against the CRA Defendants fail as a matter of law. Since any amendment would be futile, the CRA Defendants respectfully request that Plaintiff's claims be dismissed in their entirety without leave to amend.

## II. FACTUAL BACKGROUND

The facts of this case are straightforward.[1] Upon opening a Citibank Simplicity credit card in October 2024, Plaintiff contacted Citibank "to set up auto

[1] For the limited purpose of this Motion to Dismiss, the CRA Defendants assume the facts alleged in the Complaint are true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In so doing, however, the CRA Defendants do not concede or admit any of Plaintiff's allegations.

pay in the amount of the minimum amount due each month." (Compl. ¶¶ 19–20.) According to Plaintiff, the minimum payments on the card were not made because of an issue with Citibank's autopay process. (*See id.* ¶ 2.) As a result of these missed payments, "Citibank reported Mr. Bohan as 30 and 60 days late in payments on his credit report." (*Id.* ¶ 27.) "In or about December 2024, Mr. Bohan realized that his credit card was not being paid as arranged and called Citibank for clarification" and worked to have his autopay information "updated." (*Id.* ¶¶ 23–24.) Plaintiff also "requested the late payments be removed from his credit report, but Citibank refused to remove them." (*Id.* ¶ 28.) Sometime in January 2025, Plaintiff submitted a complaint to the Consumer Financial Protection Bureau ("CFPB") regarding Citibank's reporting of the late payments. (*Id.* ¶ 30.) Citibank sent Plaintiff two letters regarding Plaintiff's CFPB complaint confirming its reporting and stating the negative reporting would not be removed from Plaintiff's credit report. (*Id.* ¶¶ 32–33.)

"[I]n late 2024," Plaintiff filed a dispute with Experian and Equifax. (*Id.* ¶¶ 35–36.) Plaintiff followed up with another dispute to each of the CRA Defendants on March 18, 2025, explaining that he had been told by Citibank that the autopay process had been set up, but that because of "some error . . . on Citibank's side . . . the payment was never processed." (*Id.* ¶¶ 37–38.) Plaintiff informed the CRA Defendants that Citibank acknowledged the error in setting up the autopay, but that it was refusing to change its reporting with respect to the missed payments. (*Id.* ¶ 39.) The CRA Defendants continued to report the late payment information provided by Citibank. (*Id.* ¶¶ 35–42.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Allegations "that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences are . . . insufficient to defeat a motion to dismiss for failure to state a claim." *Scroggins v. Equifax Info. Sols. LLC, et al.*, No. CV-18-04776-PHX-SPL, 2019 WL 3037588, at *1 (D. Ariz. July 11, 2019) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts. *Cook, Perkiss & Liehe v. N. California Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). For the reasons set forth below, amendment would be futile here and this Motion should be granted without leave to amend. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).

## IV. ARGUMENT

The purpose of the FCRA is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (internal quotation marks omitted). In their role as data repositories, CRA Defendants are required to ensure the accuracy of their reporting, 15 U.S.C. § 1681e(b), and must conduct a

reasonable reinvestigation of disputed information, 15 U.S.C. § 1681i(a)(1)(A).[2] Importantly, however, "[i]naccurate information in a credit report alone is not a violation of the FCRA: the FCRA is not a strict liability statute." *Andrews v. Equifax Info. Servs. LLC*, 700 F. Supp. 2d 1276, 1278 (W.D. Wash. 2010). This is because, a "CRA is a third party, lacking any direct relationship with the consumer, and its responsibility is to '*re* investigate' a matter once already investigated in the first place." *Gorman*, 584 F.3d at 1156–57 (quoting 15 U.S.C. § 1681i(a)(i)) (emphasis in *Gorman*). Indeed, under the FCRA and CCRAA, the role of a CRA is to "simply collect and report information furnished by others." *Carvalho*, 629 F.3d at 891.

While the mere presence of an alleged inaccuracy on a credit report is insufficient to give rise to liability, courts have nonetheless made clear that a plaintiff is still required still "make a prima facie showing of inaccurate reporting by the CRA" to state a claim under the FCRA or CCRAA. *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (citation modified); *see also Carvalho*, 629 F.3d at 890. Information is "inaccurate where it either is patently incorrect or is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Id.* (citation modified). The Ninth Circuit has made clear that CRA defendants are not "required as part of [their] reinvestigation duties to provide a legal

---

[2] Although this Motion primarily cites the FCRA, the standards are the same under California law. "[B]ecause the CCRAA 'is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.'" *Carvalho*, 629 F.3d at 889 (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3 (2003)). As a result, "[c]ourts have applied the 'patently incorrect or materially misleading' standard indiscriminately to claims arising under provisions of the FCRA and CCRAA that involve the accuracy of information." *Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1061 (C.D. Cal. 2014); *see also Galea v. Wells Fargo Bank, N.A.*, 388 F. Supp. 3d 1212, 1217 (E.D. Cal. 2019) ("A plaintiff must show information in her credit report is inaccurate to state a claim under California Civil Code Section 1785.16 or Section 1785.14." (citation modified)).

opinion" as to the validity of a consumer's dispute, since "determining whether the consumer has a valid defense is a question for a court to resolve in a suit against the creditor, not a job imposed upon consumer reporting agencies by the FCRA." *Carvalho*, 629 F.3d at 892 (citation modified). Additionally, the FCRA and CCRAA do not require CRA Defendants to refrain from "report[ing] any information about the disputed item simply because the consumer asserts a legal defense." *Id.* In fact, consumers can offer context to any reporting since the FRCA "allow[s] consumers who are dissatisfied by a reinvestigation to file a brief explanatory statement to be reported along with the disputed item." *Id.* (citing 15 U.S.C. § 1681i(b)–(c)). A consumer may therefore offer potential creditors with "both sides of the story," allowing them to "reach an independent determination of how to treat a specific, disputed account." *Id.*

### A. Plaintiff's Claims Must Be Dismissed Because He Cannot Allege The CRA Defendants' Reporting Was Inaccurate

Plaintiff's FCRA and CCRAA claims must be dismissed for failure to state a claim because they do not, and cannot, meet the baseline requirement of showing any "inaccuracy" in the CRA Defendants' reporting. Plaintiff does not allege the CRA Defendants' reporting was "patently inaccurate" but instead argues that "Citibank did not pull the payment as Mr. Bohan had instructed and despite the money being available, resulting in Citibank reporting two misleading delinquencies on Mr. Bohan's credit report." (Compl. ¶ 2.) In effect, Plaintiff alleges the inaccuracy "is *latent*," contending "that even if technically accurate, the [reporting] was misleading because [he] was not legally obligated to" make the monthly payments under to the terms of his autopay arrangement with Citibank, and that the reporting thus implies that he is less creditworthy than he actually is. *See Carvalho*, 629 F.3d at 891. Courts in the Ninth Circuit and across the county have roundly concluded that a CRA's reporting of this kind of disputed information does not reflect an "inaccuracy" that gives rise to liability under the FCRA or CCRA. Because Plaintiff has not made "a

prima facie showing of inaccurate reporting by the CRA" Defendants, his claims must be dismissed. *See Shaw*, 891 F.3d at 756 (internal quotation marks omitted).

In *Carvalho*, the disputed reporting concerned a debt for medical services that the plaintiff alleged she was not responsible for paying on the grounds that it should have been paid by her insurance company. 629 F.3d at 882. After the plaintiff disputed the debt, the CRAs requested and received verification of the debt from the furnisher and continued to report the verified debt. *Id*. at 891. Plaintiff did not allege the CRAs inaccurately reported that the payment had not been made, but instead argued "that even if technically accurate," the reporting "was misleading because she was not legally obligated to pay" and that "potential creditors would mistakenly assume from the derogatory item that she is uncreditworthy." *Id.* The Ninth Circuit rejected the plaintiff's argument that the report was "misleading," noting that "a consumer who avails herself of a good or service but defaults on payment would be considered less creditworthy than one who does not, regardless of how legally sound her reasons for default are." *Id.*

Plaintiff's theory of liability in this case should be rejected for the same reasons. Just as in *Carvalho*, Plaintiff "does not contend that the . . . account does not pertain to [him], that the amount past due is too high or low, or that any of the listed dates are wrong." *Id.* Instead, Plaintiff claims that, under the terms of his autopay agreement with Citibank, he was not "not legally obligated" to ensure that he timely made his monthly payments, and thus "even if" the CRA Defendant's reporting was "technically accurate," it could cause creditors to "mistakenly assume from the derogatory item that [he] is uncreditworthy." *See id.* Because the Ninth Circuit conclusively rejected this argument as grounds for liability under the FCRA and CCRAA, this Court should likewise conclude that Plaintiff "failed to establish an element of a prima facie reinvestigation claim—inaccuracy." *See id.* at 892.

*Carvalho* is also significant because it made clear that consumers cannot "mount collateral attacks on the legal validity of their debts in the guise of FCRA

reinvestigation claims." *Id.* at 891. The Court recognized that "[w]ith respect to the accuracy of disputed information, the CRA is a third party, lacking any direct relationship with the consumer." *Id.* at 892. Because CRAs "simply collect and report information furnished by others," they are "ill equipped to adjudicate contract disputes." *Id.* at 891. When, as here, a consumer claims that a report is misleading because a third party was ultimately responsible for the payment, "[a] CRA is not required as part of its reinvestigation duties to provide a legal opinion on the merits." *Id.* at 892. In such circumstances, rather than bring a collateral attack against a CRA, a consumer "should first attempt to resolve the matter directly with the creditor or furnisher, which stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation." *Id.* (internal quotation marks omitted). Consequently, "determining whether the consumer has a valid defense is a question for a court to resolve in a suit against the creditor, not a job imposed upon consumer reporting agencies by the FCRA." *Id.* (citation modified). At bottom, neither the FCRA nor CCRAA requires a CRA to refrain from reporting "information about the disputed item simply because the consumer asserts a legal defense." *Id.*

Unsurprisingly, federal district courts also routinely reject the same arguments that Plaintiff makes here. For example, in *Braun v. Trans Union LLC*, the court granted a motion to dismiss without leave to amend on nearly identical facts. *Braun v. Trans Union LLC*, No. CV 19-06098-CJC(SKX), 2019 WL 13083348, at *1 (C.D. Cal. Oct. 10, 2019). In that case, the plaintiff leased a car and "signed up for autopay for her monthly payment." *Id.* Plaintiff obtained a two-month lease extension, but did not realize "that her autopay did not continue during that extension." *Id.* "Her resulting 30-day late payment was reported to credit reporting agencies and caused her credit score to drop about 100 points." *Id.* In granting the CRAs' motion to dismiss, the court noted that—just like in this case—the plaintiff did "not allege that her report was factually inaccurate" but instead "complain[ed] that the late payment was not her fault." *Id.* at *2. The Court rejected this argument as a basis for liability,

noting "that a CRA's failure to provide additional information to explain the significance of an otherwise accurate report entry is not the type of misleading omission that is sufficient to fulfill the inaccuracy element of a § 1681e(b) claim." *Id.* Citing cases throughout the country, including *Carvalho*, the court held that "even accepting as true all of Plaintiff's allegations and construing them in the light most favorable to her," the allegations were "not sufficient to plead a materially 'misleading statement' on her credit report" since her "payment was unquestionably late" and "she merely disputed that the lateness was not her fault." *Id.* at *2–3 (citation modified).

The facts of *Tuttobene v. Trans Union, LLC* are also highly analogous and show why dismissal of Plaintiff's claims is appropriate in this case.[3] *Tuttobene v. Trans Union, LLC*, No. 2:19-CV-01999-APG-NJK, 2021 WL 2188232 (D. Nev. May 28, 2021). In *Tuttobene*, the plaintiff regularly paid his mortgage using electronic transfers but had one payment rejected because it had the wrong account number on it. *Id.* at *1. By the time the plaintiff corrected the error, more than 30 days had passed from the due date, and the mortgage company reported it as late. *Id.* Plaintiff claimed the reporting was inaccurate and "materially misleading because by reporting his payment as late, as opposed to attempted but rejected, Trans Union suggested Tuttobene was more financially irresponsible than he was." *Id.* at *2. The court found the plaintiff's claims "fail[ed] as a matter of law because there [was] no inaccuracy in Trans Union's reporting." *Id.* Specifically, the court also held that "Trans Union's reporting was not materially misleading" since the plaintiff's only argument was that the mortgage company "should not have reported him as late because he tried to make timely payment in the same manner that he had made prior payments that were accepted, and he promptly made payment after the error was

[3] Although *Tuttobene* was decided on summary judgment, the legal analysis shows that Plaintiff cannot state a valid claim for relief even under the standards of Federal Rule of Civil Procedure 12.

brought to his attention." *Id.* Because the mortgage company had "never changed its position that Tuttobene's payment was more than 30 days late," there was no liability since "Trans Union is not in a position to adjudicate that dispute between a consumer and a furnisher of information." *Id.*

The court also dismissed the plaintiff's claims in *Arniella v. Trans Union, LLC*, which involved facts virtually identical to those at issue in this case. *Arniella v. Trans Union, LLC*, No. 21-CV-23694-DLG, 2022 WL 2349016 (S.D. Fla. June 2, 2022). In *Arniella*, the plaintiff financed the purchase of a car and set up automatic payments with JP Morgan Chase Bank ("JPMCB") so that the monthly payment would automatically be deducted from his bank account. *Id.* at *1. Just as in this case, the "[p]laintiff allege[d] that despite this agreement, [the furnisher] failed to deduct the March 2020 payment, resulting in Plaintiff's payment being late." *Id.* at *3. Additionally, just as in this case, the plaintiff alleged that the furnisher had "acknowledged that the missed payment was caused by an error on [their] part." *Id.* at *1. The court found that because the plaintiff's claims "hinge[d] on the validity of his agreement with JPMCB and whether JPMCB upheld its duties under that agreement," the action against the CRA was "collateral to that underlying dispute, which Defendant TransUnion [was] not in a position to resolve." *Id.* at *3. The court recognized that "the furnisher of credit information stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation" since "the CRA is a third party, lacking any direct relationship with the consumer." *Id.* (quoting *Gorman*, 584 F.3d at 1156). Surveying cases from around the country, including both *Braun v. Trans Union, LLC* and *Tuttobene v. Trans Union, LLC*, the court concluded that "[e]ven where the dispute between the consumer and the furnisher was not deemed 'contractual' in nature," dismissal was necessary as courts routinely dismiss FCRA cases "in which consumers alleged nonparty furnishers were at fault for the reported information being inaccurate." *Arniella,* WL 2349016 at *2.

Plaintiff seeks to rely on *Regalado v. Experian Information Solutions, Inc.*, No. 2:22-cv-1309-RFB-NJK, 2023 WL 6393222 (D. Nev. Sept. 30, 2023), but that case is distinguishable. In *Regalado*, the Court made clear that the furnisher of information "expressly represented to [the plaintiff] that the missed payment would not be reported and would not impact his credit report." *See id.* at *1, 3–5. As a result, the court found that the plaintiff was "fundamentally challenging the accuracy of the statements" in the CRA defendant's report, "including whether the account was 'actually past due' in light of [the furnisher's] representations to him that this specific information would not be on his credit report." *Id.* at *4. Here, however, Plaintiff has not, and cannot, allege that Citibank has ever stated that it would not report the late payments.[4] In fact, the Complaint makes clear that even though Citibank acknowledged there was an "error" in the autopay process, it would still not change its reporting with respect to the late payments. (Compl. ¶ 39.)

The distinctions between *Regalado* and the present case are significant. By expressly stating that "the [autopay] error would not be reported to the credit agencies" and that the mistake would not "impact his credit report," the furnisher in *Regalado* acknowledged that plaintiff was not responsible for the missed payments. *Regalado*, 2023 WL 6393222 at *5. The court concluded that given this admission, the CRA defendants "only needed to confirm this information upon receipt of Plaintiff's dispute letters." *Id.* Here, however, Citibank has "never changed its position that [Plaintiff's] payment was . . . late." *See Tuttobene*, 2021 WL 2188232 at *2. In essence, Citibank has taken the position that even though it may have been responsible for the error in the autopay process, Plaintiff was still responsible for ensuring that he made his monthly payments pursuant to the autopay agreement.[5]

[4] The argument during the informal 12(b) conference on September 17, 2025, made clear that Plaintiff cannot allege additional facts to address the shortcomings in the Complaint.

[5] It hardly strains credulity to believe that a credit card company would offer an autopay arrangement for its customers, while stating in the terms and conditions that in the event of an issue with the autopay, the customer is still ultimately responsible for ensuring the minimum monthly payments are made.

This is precisely the kind of dispute that the CRA Defendants are "not in a position to resolve" because it hinges on the terms and "validity of his [autopay] agreement with" Citibank and whether Citibank "upheld its duties under that agreement." *See Arniella*, 2022 WL 2349016, at *3.

Because the CRA Defendants accurately reported that the payments were late and their reporting was not "materially misleading," Plaintiff cannot make a prima facie showing of inaccuracy necessary to state a claim under the FCRA or CCRAA. *See e.g.*, *Id.*; *Carvalho*, 629 F.3d at 892; *Braun*, 2019 WL 13083348, at *3; *Tuttobene*, 2021 WL 2188232, at *3.

### B. Plaintiff's Claims Should Be Dismissed Without Leave to Amend

Although the Federal Rules of Civil Procedure state that leave to amend "shall be freely given when justice so requires," the Ninth Circuit has recognized that "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (quoting Fed. R. Civ. P. 15(a)). "An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Koster*, 847 F.3d at 656 (internal quotation marks omitted).

Based on the arguments during the informal 12(b) conference, it is clear that Plaintiff cannot add any new allegations on amendment that would make his claims viable. Therefore, any amendment would be futile, and Plaintiff's claims should be dismissed without leave to amend.

## V. CONCLUSION

For the foregoing reasons, the CRA Defendants respectfully request Plaintiff's Complaint be dismissed, with prejudice, in its entirety.

Dated: September 24, 2025

JONES DAY

By: */s/ Nicholas J. Rawls*
Nicholas J. Rawls

Attorney for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

Dated: September 24, 2025

QUILLING SELANDER LOWNDS WINSLETT & MOSER PC

By: */s/ Jason Roberts*
Jason Roberts

Attorney for Defendant
TRANS UNION LLC

Dated: September 24, 2025

NOKES AND QUINN

By: */s/ Thomas P. Quinn Jr.*
Thomas P. Quinn Jr.

Attorney for Defendant
EQUIFAX INFORMATION SERVICES, LLC

## SIGNATURE CERTIFICATION

I hereby certify that the content of this document is acceptable to counsel for Trans Union LLC and Equifax Information Services, LLC, and that I have obtained their authorization to affix their electronic signature to this document.

Dated: September 24, 2025

JONES DAY

By: */s/ Nicholas J. Rawls*
Nicholas J. Rawls

Attorney for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.