**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN BOHAN, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC,<br><br>                                    Defendants. | Case No.:  25cv1571 DMS (BLM)<br><br>**ORDER GRANTING CREDIT REPORTING AGENCY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

This case comes before the Court on credit reporting agency ("CRA") Defendants Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union, LLCs' motion to dismiss Plaintiff's First Amended Complaint ("FAC"). Plaintiff filed an opposition to the motion, and Defendants filed a reply. The matter is fully briefed and submitted.

The Court previously granted Defendants' motion to dismiss Plaintiff's Complaint with leave to amend on December 30, 2025. ("Order; ECF No. 24.) The principal allegations of the FAC largely repeat those stated in the Complaint.[1] Generally, Plaintiff

---

[1] The factual background set forth herein derives from Plaintiff's FAC and is assumed to be true for purposes of the subject motion.

1

alleges in his FAC that upon opening a Citibank Simplicity credit card in October 2024, he set up an autopay account with Citibank to cover the minimum amount due each month. Citibank confirmed with Plaintiff that the autopay had been successfully set up and it would draw the monthly minimum payment each month going forward.  However, the minimum payments were not made because Citibank incorrectly input Plaintiff's information. Plaintiff reasonably believed that he would not need to manually make the payments and had no notice the auto-payments were not being made until December 2024, when he learned that Citibank had reported 30 and 60 day late payments to the CRAs.  Plaintiff alleges Citibank acknowledged fault for incorrectly inputting his information, but Citibank refused to remove the adverse credit reporting despite admitting its error.  Plaintiff alleges he acted responsibly by enrolling in autopay and, when learning of Citibank's failure to make payments, promptly made the required payments himself—but the reported late payments remained on his credit reports and caused him harm, including a decrease in available credit and loss of income.

On March 18, 2025, Plaintiff mailed certified dispute letters to the CRA Defendants informing them that Citibank admitted fault but refused to remove the reporting inaccuracies.  Plaintiff requested that the CRA Defendants conduct an independent investigation, but Defendants did no investigation beyond simply reviewing Citibank's response to an Automated Consumer Dispute Verification form and confirming that Citibank had received no timely payments.  Defendants ultimately verified the delinquencies as accurate and declined to remove the entries.

Plaintiff now brings a single claim against the CRA Defendants under the Fair Credit Reporting Agencies Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*  Under the FCRA, CRAs are required to ensure the accuracy of their reporting, 15 U.S.C. § 1681e(b), and must conduct a reasonable reinvestigation of disputed information, *id.* § 1681i(a)(1)(A). Information is inaccurate "where it is either patently incorrect or is misleading[.]" *Carvalho v. Equifax Info. Servs, LLC,* 629 F.3d 876, 890 (9th Cir. 2010).  A CRA violates the FCRA if it provides a report that is "misleading or incomplete, even if it is technically

25cv1571 DMS (BLM)

accurate." *Id.* at 890 (quoting *Cisneros v. U.D. Registry, Inc.,* 39 Cal. App. 4th 548 (1995)). However, a CRA is not "required as part of its reinvestigation duties to provide a legal opinion" since "determining whether the consumer has a valid defense is a question for a court to resolve in a suit against the creditor, not a job imposed upon consumer reporting agencies by the FCRA." *Id.* at 892.

CRA Defendants now move to dismiss Plaintiff's FAC in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure. CRA Defendants argue there is no dispute that payments to Plaintiff's credit card were both due and late, thus they accurately reported the late payments and bear no responsibility under the FCRA. The central issue, according to CRA Defendants, is whether Plaintiff or Citibank is legally responsible for the late payments, which is a "collateral legal dispute" that CRAs need not delve into to satisfy their reporting obligations under the law. The Court agrees.

In deciding the present motion, the Court is mindful of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), where the Supreme Court established a more stringent standard of review for 12(b)(6) motions. To survive a motion to dismiss under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Under these authorities, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider allegations of the complaint as true, and accept all reasonable inferences. In addition, the Court's review of the complaint under Rule 12(b)(6) is limited to the face of the complaint and any attachments thereto.

Plaintiff does not dispute that payments were due under his Citibank credit card or that the payments were late, and thus Plaintiff does not allege the CRA Defendants' reporting was "patently incorrect" since there is no dispute his payments were not timely made. Rather, Plaintiff argues the CRA Defendants' credit reports are "misleading" because "they created the false impression that Plaintiff failed to pay because of financial irresponsibility, when in reality the delinquency resulted from Citibank's admitted

processing error." (Opp'n at 1.)  According to Plaintiff, "[b]y omitting this material context from its credit reporting, CRA Defendants' reports conveyed an incomplete and misleading picture of Plaintiff's credit risk, precisely the type of harm the FCRA was enacted to prevent." *Id.*  Plaintiff argues the delinquency resulted "solely" from Citibank's processing error, (*id.* at 7), and "not [from his] financial irresponsibility[.]"  *Id.* at 6.  However, the problem for Plaintiff is his theory of liability under the FCRA is contrary to Ninth Circuit law.

In *Carvalho*, the Ninth Circuit made clear that a CRA "is not … obligated … to report any information about [a] disputed item simply because the consumer asserts a legal defense."  629 F.3d at 892 (quoting *Cahlin v. Gen. Motors Acceptance Corp.,* 936 F.2d 1151, 1158 (11th Cir. 1991)) (stating the "very economic purpose for credit reporting companies would be significantly vitiated if they shaded every credit history in their files in the best possible light for the consumer.").  *Carvalho* further makes clear that "a consumer who avails herself of a good or service [like autopay] but defaults on payment would be considered less creditworthy than one who does not, regardless of how legally sound her reasons for default are."  *Id.* at 891.  *See also Braun v. Trans Union LLC,* No. 19-06098-CJC (SKx), 2019 WL 13083348, at *3 (C.D. Cal. Oct. 10, 2019) (finding CRA's reporting of late payment caused by furnisher's error not misleading because plaintiff's payment indisputably was late and "she merely disputed the lateness was not her fault[,]" which is insufficient "to plead a 'materially misleading' statement on her credit report[.]"); *Tuttobene v. Tans Union, LLC,* No. 19-dv-01999, 2021 WL 2188232, at *2 (D. Nev. May 28, 2021) (holding a CRA "does not violate" the FCRA "by accurately reporting a late payment even if the consumer has a good explanation for why the payment was late."); *Tom Chen v. Vertical Screen, Inc.*, No. 17-cv-00938, 2017 WL 3704836, at *4 (W.D. Wash. Aug. 28, 2017 (collecting cases and finding "failure to provide additional information 'to explain the significance of an accurate report entry' … is 'not the type of misleading omission that has been found sufficient to fulfill the inaccuracy element of a § 1681e(b) claim.'") (citation omitted)).  *See also Arniella v. Trans Union, LLC,* No. 21-cv-

23694-DLG, 2022 WL 2349016, at \*3 (S.D. Fla. June 2, 2022) (claim against CRA for reporting late payment dismissed where determining fault for late autopayment was "collateral …, which [CRA] is not in a position to resolve.") (collecting cases "around the country" that have dismissed similar actions against CRAs).

*Carvalho* also points out that the consumer remedy for a disputed adverse credit report is to "file a brief statement setting forth the nature of the dispute[,]" which the CRA must "unless there is reasonable grounds to believe that it is frivolous or irrelevant, … [include] in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof." *Carvalho*, 629 F.3d at 892 (citing 15 U.S.C. § 1681i(b)-(c)).   Because CRAs are not "tribunals," they are not required to "provide a legal opinion on the merits" of a dispute between a consumer and a furnisher like Citibank. *Id.*  That there is a legal dispute between Plaintiff and Citibank over who bears ultimate responsibility for the two late payments at issue absolves the CRA Defendants of liability under the FCRA so long as they accurately reported those late payments, which they undisputedly did.[2]

Plaintiff again relies on *Regalado v. Experian Info. Sos., Inc.,* No. 2:22-cv-1309-RFB-NJK, 2023 WL 6393222 (D. Nev. Sep. 30 2023), a case involving an autopay agreement, late payment due to the creditor's error in managing the autopay, and adverse credit reporting by CRAs.  But in *Regalado* there was no legal dispute as to who bore ultimate responsibility for the late payment.  *Id.* at \*5 (stating "at the time the Plaintiff

---

[2] Plaintiff also alleges that "no autopay had been set up at all[,]" that he "did not enter into any agreement with Citibank[,]" and that he "did not sign any agreement pertaining to the autopay, nor was he ever provided any terms and conditions related to the auto pay service."  (FAC ¶ 24.)  However, CRA Defendants correctly argue that whether the dispute between Plaintiff and Citibank arises from Citibank's alleged representations to Plaintiff that an autopay account had been established or over the terms of an autopay agreement does not matter since determining whether Plaintiff or Citibank, or both, bear fault for the late payments calls for a legal assessment that the CRA Defendants "need not delve into to satisfy their reporting obligation under the law."  (Mot. at 8-9) (quoting *Carvalho*, 629 F.3d at 892).

reported the inaccuracies to the CRA's [sic], there was no legal dispute with [the creditor] GM about his obligation to pay the debt. GM admitted the processing error was their fault and GM informed Plaintiff that the error would not be reported to the credit agencies, nor would it impact his credit report.") *Regalado* is therefore distinguishable. So, too, are the out of circuit cases cited by Plaintiff to the extent they are inconsistent with *Carvalho.* (Opp'n at 8-12.)

Finally, while Plaintiff was granted leave to amend his claim that the CRA Defendants failed to conduct a reasonable reinvestigation of disputed information under § 1681i, this claim, too, fails. "Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement." *Carvalho,* 629 F.3d at 890 (citing *DeAndrade v. Trans Union LLC,* 523 F.3d 61, 67(1st Cir.2008); *Dennis v. BEH–1, LLC,* 520 F.3d 1066, 1069 (9th Cir.2008) (holding a plaintiff filing suit under section 1681i must make a "prima facie showing of inaccurate reporting.")).

Defendants' motion to dismiss is granted without leave to amend as any amendment would be futile. *See Carvalho,* 629 F.3d at 893 ("Because we hold that Carvalho cannot make a prima facie case of inaccurate reporting, we conclude that amendment to include other claims requiring inaccuracy would be futile.") The Clerk of Court shall enter judgment accordingly and close the case.

**SO ORDERED**.

Dated:  April 17, 2026

Hon. Dana M. Sabraw
United States District Judge

25cv1571 DMS (BLM)